IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

JAVIER MERCADO-RODRIGUEZ,

Plaintiff

v.                                              CIVIL NO. 15-1110 (GAG)

ISMAEL HERNANDEZ ROSARIO d/b/a
RESTAURANT ESTRELLA DEL
NORTE,

Defendant.

**OPINION AND ORDER**

In this action, Plaintiff Javier Mercado-Rodríguez ("Mercado") contends that his employer, Defendant Hernández Rosario d/b/a/ Restaurant Estrella del Norte ("the Restaurant"), violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-19, et seq. (1938) ("FLSA"), the Puerto Rico Wrongful Dismissal Statute, P.R. LAWS ANN. Tit, 29 § 185(a) et seq. ("Law 80"), and the Puerto Rico Antidiscrimination Statute, P.R. LAWS ANN. Tit, 29 § 146 et seq. ("Law 100"). Presently before the Court is the Restaurant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), Plaintiff's opposition, and all replies and responses thereto. (Docket Nos. 9; 12; 14.) For the reasons that follow, the motion to dismiss is **GRANTED**.

**I.    Relevant Factual and Procedural Background**[1]

In his complaint, Mercado contends that he began working at the Restaurant in 1987 as a waiter and bartender. (Docket No. 1 ¶ 5.) He worked on Saturdays and Sundays, from 1:00 p.m.

---
[1] Having granted the motion to dismiss based on failure to state a claim upon which relief may be granted as to the federal claim, and declining to exercise supplemental jurisdiction over the Plaintiff's unrelated state law claims as explained below, the Court will limit its review of the facts to those that concern the FLSA claim.

**Civil No. 15-1110 (GAG)**

until 9:00 p.m., often staying until closing time at 11:00 p.m. on Saturdays and 10:30 p.m. on Sundays. Id. ¶ 8. Eventually his schedule was changed, and Mercado began working from 3:00 p.m. until closing at 11:00 p.m. Id. ¶ 23.

**II.   Standard of Review[2]**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, see FED. R. CIV. P. 12(b)(6), the court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id.  A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79.  Second, the court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55.  Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79).  This "simply calls

---

[2] Though in its motion the Restaurant seeks dismissal based on Rules 12(b)(1) and Rule 12(b)(6), it only makes a 12(b)(6) challenge by attacking the basis for relief as to Plaintiff's FLSA claim. (Docket No. 9 at 6.) Plaintiff filed his action in federal court pursuant to 28 U.S.C. § 1331, invoking the Court's authority to exercise supplemental jurisdiction over his state law claims. (Docket No. 1 ¶ 2.) Because Defendants have provided no argument or caselaw to support a Rule 12(b)(1) argument, the Court construes Defendant's motion solely as a challenge to the sufficiency of Plaintiff's federal claim.

**Civil No. 15-1110 (GAG)**

for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

## III.  Legal Analysis

Mercado contends that the Restaurant violated the FLSA by failing to pay him overtime compensation and grant him mealtime break. (Docket No. 1 ¶¶ 43-50.) In its motion to dismiss, the Restaurant argues that Mercado cannot state a federal claim under the FLSA statute because he did not work enough hours to trigger the FLSA overtime requirements and because the FLSA does not govern meal breaks. (Docket No. 9 at 9.)

The FLSA requires employers to pay employees overtime for hours worked in excess of forty (40) hours per week at a rate not less than one and one-half times an employee's regular rate for each overtime hour worked. 29 U.S.C. § 207(a)(1); De Jesús-Rentas v. Baxter Pharmacy Servs. Corp., 400 F.3d 72, 74 (1st Cir. 2005). In order to recover under the FLSA for unpaid overtime compensation, Plaintiff must demonstrate that: (1) he was employed by the defendant; (2) the work involved interstate activity; and (3) he "performed work for which [he] was undercompensated." Pruell v. Caritas Christi, 678 F.3d 10, 11 (1st Cir. 2012). By the statute's terms, an actionable claim requires that the Plaintiff was "employed for a workweek longer than forty hours." 29 U.S.C. § 207(a)(1); Román v. Maietta Const., Inc., 147 F.3d 71, 75 (1st Cir. 1998).

3

**Civil No. 15-1110 (GAG)**

In this case, the Plaintiff cannot state a claim for relief under the FLSA because he did not work longer than forty hours a week. In the Complaint, Plaintiff asserts that he worked eight to ten hours a day for two days a week, on Saturdays and Sundays. (Docket No. 1 ¶¶ 8, 23.) The Complaint describes a workweek that is, at most, twenty hours long. Id. Thus, because he does not claim that he worked a workweek that exceeded forty hours, the statutory minimum to trigger the FLSA overtime compensation requirements, there has been no violation of the FLSA.

Mercado's argument that Defendant violated the FLSA by denying him mealtime breaks is also unavailing. The FLSA does not regulate meal breaks or require that employers give them. 29 U.S.C. §§ 201-19.[3] Importantly the only mention of an employer's obligation to provide any break at all involves accommodating an employee's need to "express breast milk for her nursing child for 1 year after the child's birth" and clarifying that the employer need not compensate an employee work time spent for this limited purpose. Id. at § 207(r). Moreover, as a male, his Y chromosome prevents him from ever becoming pregnant and breastfeeding! Hence the provision is inapplicable. Though the FLSA does require that employers pay employees who performed compensable work during meal breaks, Mercado's Complaint is bereft of any such allegation. Pruell v. Christi, 678 F.3d at 10, 14 (1st Cir. 2012).

The facts in Mercado's complaint do not support a FLSA claim. Because he worked fewer than forty hours a week he was not entitled to overtime compensation. Similarly, the FLSA did not entitle Mercado to mealtime breaks. Therefore, Defendant's motion to dismiss the FLSA claim is hereby **GRANTED**. Plaintiff's claim pursuant to the FLSA is **DISMISSED with prejudice.**

---

[3] See also Mitchell v. JCJ Indus., Inc., 753 F.3d 695, 702 (7th Cir. 2014) (stating that "[t]he Fair Labor Standards Act does not require lunch breaks.").

**Civil No. 15-1110 (GAG)**

In his opposition to the motion to dismiss, Plaintiff requests leave to amend his complaint and to conduct limited discovery. (Docket No. 12 at 6.) Pursuant to FED. R. CIV. P. 15(a), courts "should freely grant leave [to amend] when justice so requires." However, if as amended the complaint would still fail to state a claim upon which relief could be granted, amendment is futile. Northeast Federal Credit Union v. Neves, 837 F.2d 531, 536 (1st Cir. 1988). When the futility of a proposed amendment is apparent, "federal courts need not tiptoe through empty formalities to reach foreordained results." Id.

In this case, Mercado claims that after "limited discovery" he could "clarify" the hours he worked. (Docket No. 12 at 7.) However, the Complaint in this case speaks for itself. Mercado stated that he worked "Saturdays and Sundays" and that he "always stayed late until closing time at 10:30pm [on Sundays] and Saturdays until 11:00pm." (Docket No. 1 ¶ 8.) He also states that his schedule was 1:00 p.m. until 9:00 p.m., until it was changed to 3:00 p.m. until 11:00 p.m. Even if he worked late every night, it is still only possible that he only worked 10 hours per night, two nights per week. No amendment or additional discovery will alter this simple math. Therefore, because amendment would be futile, Mercado's request for leave to amend his Complaint and conduct limited discovery is hereby **DENIED**.

Mercado also claims violations of Puerto Rico state law, specifically Law 80 and Law 100. (Docket No. 1 ¶¶ 52-68.) Because Mercado's FLSA claim does not survive Defendant's motion to dismiss, the Court declines to exercise supplemental jurisdiction over these unrelated state law claims. 28 U.S.C. § 1367(c)(3); Gonzalez-De Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir. 2004) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims under which it has original jurisdiction.") (citations omitted). Thus, Plaintiff's claims under Law 80 and Law 100 are hereby **DISMISSED**.

**Civil No. 15-1110 (GAG)**

IV.   **Conclusion**

In sum, the Court **GRANTS** Defendants' Motion to Dismiss the claim under the FLSA, **GRANTS** Defendant's Motion to Dismiss the Puerto Rico state law claims under Law 80 and Law 100.  Plaintiffs' claims are **DISMISSED** with prejudice.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of February, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge